JENNIFER WALKER ELROD, Circuit Judge,
dissenting in part:
I respectfully dissent from the majority opinion’s conclusion on Kristi Dearman’s claim regarding the non-renewal of her contract. The school district conceded at oral argument that Mississippi law conferred on Dearman a property interest subject to procedural due process protection in the renewal of her contract. The school district acknowledged in its brief and at oral argument that “no hearing t[ook] place” before that property interest was revoked. With the issues thus narrowed, the parties’ briefing and oral argument focused entirely on whether Dear-man waived any right to a hearing by failing to respond, pursuant to the procedure prescribed by Mississippi law, to the school district’s stated reasons for non-renewing her contract. See Miss. Code § 37-9-109(d). On that question, Dearman has plainly created a genuine issue of fact: her counsel’s affidavit indicates that he timely mailed the requisite response, and thus that no waiver occurred. Cf. Carter v. Allstate Indem. Co., 592 So.2d 66, 73-75 (Miss. 1991) (holding, in the context of Mississippi statutory scheme governing notice of insurance cancellation, that evidence that a document was mailed creates a rebuttable presumption that it was received).
Instead, the majority opinion affirms summary judgment on a ground not considered by the district court and not argued by the school district on appeal: that the school board’s March 4, 2013 meeting, at which Dearman spoke regarding the then-pending recommendation that she be terminated, sufficed as an opportunity to be heard regarding the (as yet non-existent) recommendation that Dearman’s contract be non-renewed. This reasoning sidesteps not only the general acknowledgement in the school district’s brief that “no hearing t[ook] place” on the non-renewal recommendation, but also a specific concession by the school district’s counsel during a deposition that the March 4th meeting was “not a hearing on a termination or nonrenewal.”
In any event, even putting these concessions aside, the March 4th meeting did not afford Dearman an opportunity to be heard on her nonrenewal. “The fundamental requirement of due process is the opportunity to be heard ‘at a meaningful time and in a meaningful manner.’ ” Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). Without the use of a *586 crystal ball, the March 4th board meeting could not possibly have supplied an opportunity to be heard “at a meaningful time” regarding a proposed non-renewal of which Dearman was not even notified until May 3, 2013, nearly two months later.
Nor could the March 4th board meeting have supplied an opportunity to be heard “in a meaningful manner,” given that the substantive standards for termination and non-renewal are different under Mississippi law. A teacher can only be terminated “[f]or incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause.” Miss. Code § 37-9-59. A non-renewal, by contrast, merely must not be “arbitrary.” McDonald v. Mims, 577 F.2d 951, 952 (5th Cir. 1978); see Miss. Code § 37-9-105 (requiring that an employee receive notice “stating the reasons for the proposed non-reemployment”). This distinction belies the majority opinion’s pronouncement that “Dearman had a full opportunity to address the charges against her at the March 4th Board meeting” and therefore that “a second hearing would have been redundant in every sense.” I respectfully dissent.